[Cite as *State v. Wilson*, 2012-Ohio-4159.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97827**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH WILSON

DEFENDANT-APPELLANT

### JUDGMENT:
### SENTENCE REVERSED;
### REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-505583

**BEFORE:** Keough, J., Blackmon, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** September 13, 2012

**ATTORNEY FOR APPELLANT**

Ronald A. Skingle
2450 St. Clair Avenue
Cleveland, OH 44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY: Mary H. McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant, Joseph Wilson, appeals his sentence. He contends that his sentence is contrary to law because the trial court failed to make the findings required by R.C. 2929.14(C)(4) to impose consecutive sentences. Finding merit to the appeal, we reverse the sentence and remand for a new sentencing hearing.

**Background**

**{¶2}** Wilson was tried before a jury and found guilty on three counts: aggravated robbery, felonious assault, and kidnapping. The offenses arose from an incident in which Wilson and five or six other people robbed and viciously attacked the victim.

**{¶3}** The trial court sentenced Wilson to ten years imprisonment for the aggravated robbery conviction, eight years for the felonious assault conviction, and seven years for the kidnapping conviction. The court ordered that the sentences be served consecutively, for a total of 25 years.

**{¶4}** On appeal, this court held that kidnapping and felonious assault, as well as kidnapping and aggravated robbery, were allied offenses of similar import, and that Wilson did not have a separate animus for the kidnapping. *State v. Wilson*, 8th Dist. No. 91971, 2010-Ohio-1196, ¶ 92, 96. This court also held that felonious assault and aggravated robbery were not allied offenses and therefore not subject to merger. *Id.* at ¶ 97.

**{¶5}** This court reversed Wilson's sentence and remanded for a new sentencing hearing at which the prosecutor would elect which of the allied offenses he wanted to pursue for sentencing. *Id.* at ¶ 98. It dismissed Wilson's assignments of error regarding judicial bias and sentencing dispartity as moot, given its decision to reverse Wilson's sentence and remand for a new sentencing hearing, but noted that Wilson could raise the issues of judicial bias and proportionality of sentencing with the trial court during resentencing. *Id.* at ¶ 100-101.

**{¶6}** The state appealed to the Ohio Supreme Court, arguing that the trial court's authority upon remand was limited only to accepting the state's election among the allied offenses, and that res judicata precluded Wilson from requesting the judge's disqualification or objecting to the proportionality of the sentence upon remand.

**{¶7}** The Ohio Supreme Court affirmed this court's decision, holding that when a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offenses to pursue. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, paragraph one of the syllabus. The Supreme Court further held that a defendant is not barred by res judicata from raising objections to issues that arise in a resentencing hearing, even if similar issues arose and were not objected to at the original sentencing hearing. *Id.* at paragraph two of the syllabus.

**{¶8}** Upon remand, the matter was transferred to a new judge for resentencing. The trial court held a resentencing hearing at which the state elected that Wilson be

sentenced on the aggravated robbery and felonious assault convictions. The trial court sentenced Wilson to ten years imprisonment on the aggravated robbery conviction and six years on the felonious assault conviction, to be served consecutively for a total of 16 years.

**Analysis**

{¶9} In his single assignment of error, Wilson argues that the trial court's sentence is contrary to law because the trial court failed to make the findings required by R.C. 2929.14(C)(4) prior to imposing consecutive sentences.

{¶10} As of September 30, 2011, the effective date of House Bill 86, a trial court must make specific findings before imposing consecutive sentences. *State v. Calliens*, 8th Dist. No. 97034, 2012-Ohio-703, ¶ 28; *State v. Jones*, 1st Dist. No. C-110603, 2012-Ohio-2075, ¶ 17. Specifically, R.C. 2929.14(C)(4) provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶11}** The transcript of the resentencing hearing reflects that after hearing from Wilson and the victim, the trial court imposed the following sentence:

THE COURT:   All right.   If no one else has anything to offer, the Court is going to impose the sentence as follows: as to Count 3, the state has elected to sentence on Counts 3 and 8, as Count 14 merges with both Counts 3 and 8.

Count 3, felony of the first degree, 10 years.

Count 8, felony of the second degree, six years.   Counts will be served consecutively for a total of 16 years.

Now that you've been sentenced, Mr. Wilson, the Court will advise you. You shall be subject to mandatory five years postrelease control on Count 3 and mandatory three years postrelease control on Count 8.

Postrelease control is a parole period after incarceration.   If you violate the terms of postrelease control, you may look at additional time of up to half of your original sentence and/or a charge of felony escape if you're violated by the Parole authority of Department of Corrections.

If you're violated by a judge, you may look at the imposition of the remainder of your term.   Do you understand, sir?

THE DEFENDANT:   No, I'm a bit unclear.   Does that mean I have to do--

THE COURT: You will have a parole period after you're finished with your sentence that you will be on that Count 3 overrides, so for five years you're going to be on a mandatory period of parole.

THE DEFENDANT:   After I do 16 years?

THE COURT:   After you do 16.   After you do 16, yes.   And if you violate, you could look [at] up to five years on Count 3, and/or if you violate within three years, you could look at an additional three years.

So you're looking [at] up to half of your sentence if you violate on parole. But you've got a long, long sentence.

I shaved a few years off here because of the parity. Because I guess the others got 10 to 15, and the fact that that's a long time in my view. And I accept your expressions — I accept your indications of remorse. I think that [the victim] has done the same; however, this was a very serious offense.

{¶12} We agree with Wilson that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive prison terms. Although the court noted that Wilson's offense was very serious and that his sentence was in parity with his accomplices, the court did not find on the record that consecutive sentences were necessary to protect the public from future crime or to punish Wilson, and not disproportionate to the seriousness of Wilson's conduct and to the danger he poses to the public, and that one of the factors set forth in R.C. 2929.14(C)(4)(a) through (c) applied to Wilson. Accordingly, we are constrained to reverse Wilson's sentence and remand for a resentencing hearing.

{¶13} We are not persuaded by the State's argument that "a review of the entire record supports the trial court's imposition of consecutive sentences." Although consecutive sentences may well be warranted in this case, the trial court's statement at the commencement of the resentencing hearing that it was incorporating all prior proceedings did not relieve the court of complying with R.C. 2929.14(C)(4). Further, despite the State's argument otherwise, the trial court's journal entry of sentencing did not set forth all of the findings required by R.C. 2929.14(C)(4). And in any event, although trial

courts are not required to use "talismanic words" to comply with the statute, the findings required by R.C. 2929.14(C)(4) must be made on the record at sentencing prior to imposing consecutive sentences. *State v. Jones*, 1st Dist. No. C-110603, 2012-Ohio-2075, at ¶ 22.

{¶14} Appellant's assignment of error is sustained. Sentence reversed; remanded for resentencing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

PATRICIA A. BLACKMON, A.J., and
MARY J. BOYLE, J., CONCUR