[Cite as *State v. Wilson*, 2013-Ohio-4035.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99260**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH WILSON

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-505583

**BEFORE:** Blackmon, J., Boyle, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** September 19, 2013

**ATTORNEY FOR APPELLANT**

Steve W. Canfil
Standard Building, Suite 2000
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary H. McGrath
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Joseph T. Wilson appeals from the trial court's resentencing and assigns the following errors for our review:

> I. The trial court committed plain error by violating Wilson's constitutional rights and Crim.R. 43 when it conducted a resentencing hearing via video conference without obtaining Wilson's waiver of his right to be physically present at all proceedings.

> II. Wilson was denied his constitutional right to effective assistance of counsel at the resentencing hearing.

> III. The trial court erred when it "incorporated" a previous proceeding into its decision to reimpose the same sentence.

{¶2} Having reviewed the record and pertinent law, we reverse and remand for a new sentencing hearing. The apposite facts follow.

{¶3} On July 18, 2008, a jury convicted Wilson of aggravated robbery, felonious assault, and kidnapping. The convictions flowed from an incident in which Wilson, along with five others, robbed and viciously attacked the victim as he walked home following his evening jog. The trial court imposed consecutive sentences of ten years for aggravated robbery, eight years for felonious assault, and seven years for the kidnapping, for a total imprisonment of 25 years.

{¶4} Wilson appealed his convictions and sentence. In *State v. Wilson*, 8th Dist. Cuyahoga No. 91971, 2010-Ohio-1196 ("*Wilson I*"), we held that kidnapping and felonious assault, as well as kidnapping and aggravated robbery, were allied offenses of

similar import, and that Wilson did not have a separate animus for the kidnapping. *Id.* at ¶ 92, 96.

{¶5} We also held that felonious assault and aggravated robbery were not allied offenses and, therefore, not subject to merger. *Id.* at ¶ 97. Consequently, we reversed Wilson's sentence and remanded for a new sentencing hearing where the prosecutor would elect which of the allied offenses he wanted to pursue for sentencing. *Id.* at ¶ 98.

{¶6} The state appealed our decision to the Ohio Supreme Court and argued that the trial court lacked authority on remand to conduct a de novo sentencing hearing. In *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, paragraph one of the syllabus ("*Wilson II*"), the Ohio Supreme Court rejected the state's argument and affirmed our decision. The Ohio Supreme Court specifically held that when a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offense to pursue. *Id.*

{¶7} On remand from the Ohio Supreme Court, the trial court held a resentencing hearing, and the state elected to have Wilson sentenced on the aggravated robbery and felonious assault convictions. The trial court proceeded to sentence Wilson to ten years for the aggravated robbery conviction, and six years for the felonious assault conviction, to be served consecutively for a total of 16 years in prison.

{¶8} Wilson subsequently appealed and argued that his sentence was contrary to law because the trial court failed to make the findings required by R.C. 2929.14(C)(4) to

impose consecutive sentences. In *State v. Wilson*, 8th Dist. Cuyahoga No. 97827, 2012-Ohio-4159 ("*Wilson III*"), we were constrained to remand for another resentencing hearing because the trial court failed to make the findings required by R.C. 2929.14(C)(4). Specifically, the trial court did not find on the record that consecutive sentences were necessary to protect the public from future crime or to punish Wilson, and not disproportionate to the seriousness of his conduct and to the danger he posed to the public, and that one of the factors set forth in R.C. 2929.14(C)(4)(a) through (c) applied to Wilson. *Id.*

{¶9} On remand, the trial court conducted a resentencing hearing with Wilson appearing from prison via video conferencing. The trial court sentenced Wilson to ten years for the aggravated robbery conviction and six years for the felonious assault conviction, to be served consecutively for a total of 16 years in prison. Wilson now appeals.

### Incorporating Prior Findings

{¶10} We begin with the third assigned error, which is dispositive of the instant appeal. Wilson argues the trial court erred when it incorporated findings from the previous sentencing hearing to impose the same sentence. We are constrained to agree.

{¶11} R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of

the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶12}** This statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). In making these findings, a trial court is not required to use "talismanic words," however, it must be clear from the record that the trial court actually made the findings required by statute. *State v. Marton*, 8th Dist. Cuyahoga No. 99253, 2013-Ohio-3430, citing *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 14, 17. In this matter, the trial court stated in pertinent part as follows:

> The finding is — yeah, the finding is, number one, this sentence was imposed to punish you. It is not disproportionate with the rest, and the court would incorporate the prior sentencing hearing with respect to proportionality, and the additional finding that the harm was so great that a single term does not adequately reflect the seriousness is this court's finding, * * *. Tr. 12.

**{¶13}** It is clear from the record that the trial court made two of the findings: namely that consecutive sentences were necessary to punish the offender and that the

harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of the offender's conduct. These two findings satisfy the first and third prong of the consecutive sentence requirements. Missing is the second finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *State v. Burt*, 8th Dist. Cuyahoga No. 99097, 2013-Ohio-3525.

{¶14} In *Wilson III*, the trial court never made the finding that consecutive sentences was not disproportionate to the seriousness of Wilson's conduct and to the danger he posed to the public. On remand, the trial court's only reference to this requisite finding is the statement that "[i]t is not disproportionate with the rest" and that it was incorporating the findings from the prior sentencing hearing with regards to proportionality. There is no indication from the above excerpt that the trial court measured the imposition of consecutive sentences to the seriousness of Wilson's conduct and to the danger he poses to the public.

{¶15} In *State v. Hill*, 8th Dist. Cuyahoga No. 99186, 2013-Ohio-3245, we stated that a trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *Id*., citing *State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

{¶16} In *Hill*, the trial court's journal entry stated in pertinent part as follows:

> The court finds that consecutive sentences are necessary to protect the public and punish the offender; are not disproportionate to similar crimes

committed by similar [defendants]; that the conduct was so egregious and the psychological impact on the victim was so great that a single term of incarceration would demean the seriousness of the offense.

Consequently, we found the record in *Hill* demonstrates that the trial court correctly set forth the statutory finding.

{¶17}   Here, the trial court used the language: "not disproportionate with the rest" and we can only surmise that it was referring to Wilson's codefendants or other defendants that have committed similar crimes.   However, to complicate matters, the above excerpt reveals that the trial court purported to incorporate, from the previous sentencing hearing, a finding that we previously found was never made on the record in *Wilson III.*

{¶18}   In *Wilson III*, we specifically stated: "[t]he court did not find on the record that consecutive sentences were necessary to protect the public from future crime or to punish Wilson, *and not disproportionate to the seriousness of Wilson's conduct * * *.* (Emphasis added.)   *Wilson III* at ¶ 12.

{¶19} This time, the trial court made the first and third findings, but not the second finding.   We are reluctant to return this case to the trial court, but have no choice because there was no disproportionality finding.    The trial court must state all the findings on the record even if it means reading verbatim from the statute.  Only as such, will we as a reviewing court feel confident that the trial court gave due consideration to the requisite findings before imposing consecutive sentences.

**{¶20}** Further, given the presumption in Ohio is that sentencing is to run concurrent, unless the trial court makes the required findings for consecutive sentences set forth in R.C. 2929.14(C)(4), it is crucial that the trial court states on the record the requisite findings. *State v. Stowes*, 8th Cuyahoga Dist. No. 98774, 2013-Ohio-2996. At this juncture, our primary role is to review the record to determine whether the trial court made the findings, not whether they are justified by the record.

**{¶21}** Accordingly, we sustain the third assigned error, and are constrained, once again, to reverse Wilson's sentence and remand for a de novo resentencing hearing.

**{¶22}** Our disposition of the third assigned error renders the remaining assigned errors moot. App.R. 12(A)(1)(c).

**{¶23}** Judgment reversed and remanded for resentencing.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

TIM McCORMACK, J., CONCURS;
MARY J. BOYLE, P.J., CONCURS IN
JUDGMENT ONLY