[Cite as *State v. Young*, 2013-Ohio-5425.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99483**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MICHAEL P. YOUNG

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-565605

**BEFORE:** McCormack, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 12, 2013

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James M. Price
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Michael P. Young, appeals the sentence imposed by the trial court. For the reasons that follow, we affirm the decision of the trial court.

## Procedural History and Substantive Facts

{¶2} On August 17, 2012, Young was charged with a 66-count indictment. On November 30, 2012, he entered into a plea agreement wherein he pleaded guilty to the following charges: (1) Counts 1 to 3 — pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(2); (2) Counts 4 through 42 — pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1); (3) Counts 58 to 61 — illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1); (4) Counts 62 to 65 — voyeurism, in violation of R.C. 2907.08(C); and (5) Count 66 — possessing criminal tools, in violation of R.C. 2923.24(A). Each count included a forfeiture specification under R.C. 2941.1417(A). As a result of the plea agreement, the state dismissed 15 counts of pandering sexually oriented matter involving a minor (Counts 43 through 57), as well as Cuyahoga C.P. No. 12-563589, which consisted of 20 counts of similar charges.

{¶3} The trial court sentenced Young on December 28, 2012, to a total term of imprisonment of 21 years and 11 months. Specifically, the court sentenced Young as follows: (1) Counts 1 to 3 — seven years on each count, to be served concurrently to each other; (2) Counts 4 through 42 — seven years on each count, to be served concurrently to

each other; (3) Counts 58 to 61 — seven years on each count, to be served concurrently to each other; (4) Counts 62 to 65 — 11 months on each count, to be served concurrently to each other; and (5) Count 66 — 12 months. The trial court then ordered that the first four groups of counts listed above be served consecutively, and Count 66 shall be served concurrently with the aforementioned counts.[1] The court also ordered no contact with the victim.

{¶4} These charges stem from an alert received by the Internet Crimes Against Children Task Force ("ICAC") that a computer was making three files available for download that included videos of prepubescent females engaging in sexual acts. Following a thorough investigation, the ICAC determined that the computer was located at Young's residence. The ICAC executed a search warrant on Young's residence and, upon execution, discovered a locked safe contained in a locked room. The safe contained a camera and various media storage devices, hard drives, and flash drives that contained multiple images and videos of child pornography, some of which included hard core pornography titles. The investigation revealed that the camera had been placed in a

---

[1] We note that the language in the transcript from the sentencing hearing differs from the language in the journal entry. We find no prejudice to Young, however, in this respect.

The transcript states that "Counts 62 through 65 will run concurrent to all those other counts. Count 66 * * * will run consecutive as well. So that's 21 years plus 11 months." We believe the trial court inadvertently switched the words "concurrent" and "consecutive" during the hearing, because the journal entry correctly reflects the total term of imprisonment intended by the trial court (21 years, 11 months), while stating that Counts 62 to 65 shall run consecutive to Counts 1 through 61 and "Count 66 to run concurrent" to the other counts. The court's intention is clear from the record. Therefore, we find the journal entry correctly delineates Young's sentence.

boot box in the master bathroom that was used to videotape Young's girlfriend's 17-year-old daughter in the shower and in various stages of undress. The ICAC also discovered computer equipment and weapons in the locked room.

## Assignments of Error

I.   The trial court's imposition of consecutive sentences totaling 22 years imprisonment for child pornography was contrary to law.

II.   The trial court abused its discretion in sentencing defendant to 22 years of imprisonment for child pornography.

III.   The trial court erred in imposing sentences upon defendant for offenses which were allied.

## Consecutive Sentences

{¶5}   Young claims that the trial court failed to make the required statutory findings when it imposed consecutive sentences. We find no merit to this argument.

{¶6}   We review consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 8-10. That statute provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the sentence is "otherwise contrary to law"; or (2) the appellate court, upon its review, clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). *Id.* at ¶ 11; R.C. 2953.08(G)(2).

{¶7}   H.B. 86, effective on September 30, 2011, revived the requirement that trial courts make certain findings before imposing consecutive sentences. *State v. Graves*, 8th Dist. Cuyahoga No. 98559, 2013-Ohio-2197, ¶ 11. Under current R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find the sentence is

"necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find the existence of one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c):

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8} Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes* at ¶ 17, citing *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252. "By stating the findings on the record, the reviewing court will not have to guess as to the trial court's thought process or impose its own. This helps the reviewing court to understand whether the trial court made the appropriate analysis." *State v. Davis*, 8th Dist. Cuyahoga Nos. 97689, 97691, and 97692, 2012-Ohio-3951, ¶ 16 (Blackmon, J., concurring). The failure to make these findings is contrary to law. *Venes* at ¶ 12.

{¶9} In this case, a review of the record reveals that the trial court did, in fact, comply with the requirements of R.C. 2929.14(C)(4) prior to the imposition of consecutive sentences by making the necessary findings.

{¶10} Prior to imposing the sentence, the trial court advised that it has considered all of the information gleaned from the hearing, including the statements from the attorneys and from Young, the presentence investigation report, the sentencing memorandum, the principles and purposes of felony sentencing, and the appropriate recidivism and seriousness factors. The trial court also considered the type of "abuse" involved, stating that "[e]very time somebody like you downloads it, shares it, that child is reabused. And that child knows that someone is abusing them over and over again, and that's something they live with their entire lives * * * something that takes years of therapy to deal with if they could be dealt with at all." The court further stated that "it's a vicious circle that then leads to other folks like you abusing young people," noting that this crime victimized "nameless victims" as well as Young's girlfriend's daughter, who "lived with [Young] and trusted [him]."

{¶11} The court then stated that consecutive sentences are necessary because "a single sentence would not be appropriate in this matter, wouldn't necessarily protect the public and punish you for what you've done. The systematic, multiple revictimization of all these children in these videos." The court, in addressing the proportionality requirement of the statute, stated that the consecutive sentences "would not be

disproportionate to the seriousness and damage you've done as each child [is] revictimized."

**{¶12}** Finally, in addressing the third prong of the statute, the trial court stated as follows:

> There [have] been at least two offenses with one or more course of conduct, the harm is so great or unusual that a single sentence wouldn't adequately reflect the seriousness of your conduct, and it's very worrisome to the court; that every indication is that this is how abuse escalates, and to protect the public that, you know, your actions for watching the videos to making them is an escalation of that activity.

Immediately thereafter, the court imposed the consecutive sentences as previously outlined.

**{¶13}** We find that not only did the court make the statutorily mandated findings, but the record reflects that the court engaged in the appropriate analysis to support those findings. "If the word 'findings' is to have any meaning at all, it means nothing less than the court must 'engage[ ] in the required analysis and select[ ] the appropriate statutory criteria' before ordering sentences to be served consecutively." *Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 17, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, N.E.2d 131 (1999). Because we find that the trial court made the required findings, and the record supports those findings, we must affirm Young's consecutive sentences, as they are not contrary to law. *Venes* at ¶ 19; R.C. 2953.08(G)(2).

{¶14} Young claims that the court also failed to make the necessary findings for consecutive sentences in its journal entry and, therefore, the imposition of consecutive sentences is "facially defective." This argument has no merit.

{¶15} The findings required by R.C. 2929.14(C)(4) must be made "on the record at sentencing prior to imposing consecutive sentences." *State v. Wilson*, 8th Dist. Cuyahoga No. 97827, 2012-Ohio-4159, ¶ 13, citing *State v. Jones*, 1st Dist. Hamilton No. C-110603, 2012-Ohio-2075, ¶ 22. The trial court is not required to set forth its consecutive sentence findings in the sentencing entry. *State v. Smith*, 12th Dist. Clermont No. CA2012-01-004, 2012-Ohio-4523, ¶ 34. R.C. 2929.19(B) requires only that a court include in its sentencing entry "whether the sentences are to be served concurrently or consecutively." *State v. Just*, 9th Dist. Wayne No. 12CA0002, 2012-Ohio-4094, ¶ 49; *see* R.C. 2929.19(B)(2)(b).

{¶16} In this case, the record reflected that the trial court made the statutorily mandated findings at the sentencing hearing, and the sentencing entry provided which sentences would be served concurrently and which sentences would be served consecutively. We, therefore, find no error in the trial court's sentencing entry with respect to the imposition of consecutive sentences.

{¶17} Accordingly, Young's first assignment of error is overruled.

**Inconsistent Sentence**

{¶18} Young contends that the trial court abused its discretion in imposing 22 years of imprisonment.[2] In support of his argument, Young compares sentences imposed in other child pornography cases and claims that Young's sentence is outside the mainstream of judicial practice. We disagree.

{¶19} Pursuant to R.C. 2929.11(A), a court that sentences an offender for a felony "shall be guided by the overriding purposes of felony sentencing." The "overriding purposes" of felony sentencing are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." *Id.*

{¶20} In order to achieve these purposes, the sentence imposed for a felony must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). A court that imposes a sentence for a felony has the discretion to determine the most effective way to comply with the purposes and principles of sentencing outlined in the statute. R.C. 2929.12. In exercising that discretion, however, the trial court must consider the seriousness, recidivism, and other mitigating factors set forth in R.C. 2929.12. *Id.*; *State v. Bonness*, 8th Dist. Cuyahoga No. 96557, 2012-Ohio-474, ¶ 10 ("*Bonness I*"). In that regard, R.C.

---

[2] While Young states in his brief on appeal that the trial court erred in imposing "22 years" of prison, we note that the actual term imposed by the court was 21 years and 11 months.

2929.12 provides that a court must consider the physical or mental injury suffered by the victim "due to the conduct of the offender was exacerbated because of the * * * age of the victim," any serious psychological harm the victim suffered, and the offender's relationship with the victim that facilitated the offense, among others. R.C. 2929.12(B).

**{¶21}** In considering whether a sentence is consistent, we have held that "consistency" is not the same as uniformity. *Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, at ¶ 28, citing *Bonness I* at ¶ 27. We note the distinction between consistent and uniform sentences:

> Uniformity is produced by a sentencing grid, where all persons convicted of the same offense with the same number of prior convictions receive identical sentences. Consistency, on the other hand, requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of "consistency," two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment.

(Citation omitted.) *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶ 57, citing *State v. Georgakopoulos*, 8th Dist. Cuyahoga No. 81934, 2003-Ohio-4341, ¶ 26.

**{¶22}** With specific reference to child pornography cases, we concluded that no two cases are alike:

> Each case stands on its own unique facts, so we have concluded that "[a] list of child pornography cases is of questionable value in determining whether the sentences imposed are consistent for similar crimes committed by similar offenders since it does not take into account all the unique factors

that may distinguish one case from another." *State v. Siber*, 8th Dist. Cuyahoga No. 94882, 2011-Ohio-109, ¶ 15.

*Venes* at ¶ 28, citing *Bonness I* at ¶ 27.

{¶23} Nevertheless, a comparison of sentences is helpful guidance in determining whether a court abused its discretion in a particular case. *Bonness I*, 8th Dist. Cuyahoga No. 96557, 2012-Ohio-474, ¶ 10, 28. Upon review of several fairly recent decisions of this court concerning child pornography, we note that we have affirmed rather lengthy sentences. *See, e.g.*, *State v. Bonness*, 8th Dist. Cuyahoga No. 99129, 2013-Ohio-2699 ("*Bonness II*") (affirmed a 20-year sentence for 97 counts of child pornography); *Venes* (concluded that a 24-year sentence for 98 counts of possessing child pornography was not disproportionate in light of the staggering nature of the case); *Mannarino* (affirmed a 15-year sentence for 117 counts of pandering sexually-oriented matter, illegal use of minor in nudity-oriented material or performance, and possessing criminal tools); *State v. Mahan*, 8th Dist. Cuyahoga No. 95696, 2011-Ohio-5154 (affirmed a 16-year sentence for 95 counts of child pornography); *State v. Carney*, 8th Dist. Cuyahoga No. 95343, 2011-Ohio-2280 (affirmed a 24-year sentence for 20 counts of pandering sexually-oriented material involving a minor); *State v. Phillips*, 8th Dist. Cuyahoga No. 92560, 2009-Ohio-5564 (affirmed a 24-year sentence for 30 counts of pandering sexually-oriented matter involving a minor when convictions arose from defendant's use of a home computer to download and trade child pornography and defendant's contacting someone he believed to be a 12-year-old girl); *State v. Geddes*, 8th Dist. Cuyahoga No.

91042, 2008-Ohio-6489 (affirmed an 18-year sentence for six separate convictions of pandering sexually-oriented material involving a minor).

**{¶24}** Moreover, we note that "'[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are grossly disproportionate.'" *Bonness II* at ¶ 19, citing *State v. Weitbrecht*, 86 Ohio St.3d 368, 373, 715 N.E.2d 167 (1999).

**{¶25}** In this case, in light of the foregoing, we do not find Young's sentence is outside the "mainstream of judicial practice" or so extreme that it is grossly disproportionate to the crimes to which Young pleaded guilty. Rather, we find Young's sentence consistent with sentences imposed for similar crimes committed by similar offenders. We also note that the record reflects a thorough consideration of the facts and circumstances unique to Young.

**{¶26}** The record of the hearing reflects that the trial court properly considered the statutory factors and guidelines outlined in R.C. 2929.11 and 2929.12. In accordance with RC. 2929.12(B), the trial court specifically noted its concern with respect to the victims' age and the psychological trauma suffered by the victims:

> [T]hese crimes are extremely serious; * * * [E]very time a video is downloaded, saved, shared, that child is victimized again. And although it's to you an unknown child, that's somebody's son or daughter who their abuse is recorded for an eternity. Eternity. Every time somebody like you downloads it, shares it, that child is reabused. And that child knows that someone is abusing them over and over again, and that's something they live with for their entire lives.
>
> And as a victim of abuse yourself I think you can understand that, and I wonder if you ever put yourself in the position of those victims and imagine

your abuse being videotaped and sent all over the world forever. It's a horrible thought, something that takes years of therapy to deal with if they could be dealt with at all. It's a vicious circle that then leads to other folks like you abusing young people.

**{¶27}** As it pertains to a portion of the counts, the trial court considered that Young's crimes also involved the victimization of someone who had a relationship with Young:

This is abuse. And not only nameless victims to you, but here you've also victimized your girlfriend's daughter, a 17-year-old, somebody who lived with you, trusted you, who you had some power over as an adult, a 17-year-old. Now she's got to wonder whether her image is out there forever on the internet, people looking at her.

While the court stated that there is no evidence that the videos of this particular child were actually shared, and it would not consider that Young has downloaded and shared such videos, it expressed concern that the 17-year-old would wonder whether the videos were shared and noted "that's got to be unbelievably difficult for her to deal with."

**{¶28}** The trial court also considered all of the information obtained from the parties and the attorneys, including the presentence investigation report and the sentencing memorandum, before imposing its sentence. This information included the following: (1) the pornographic material was stored in four different locations, including hard drives, computers, and DVDs, and in separate locations within those devices; (2) the collection Young possessed was so numerous that the ICAC had to transfer the evidence onto external hard drives rather than the usual CDs; (3) various titles of the videos that

were grossly offensive and showed that the content revealed child pornography, including pre-teen hard core pornography; and (4) Young's case consisted of a guilty plea to 50 counts of child pornography.

{¶29} The trial court further considered the fact that Young was not only downloading and viewing the pornographic material. Rather, he was producing nude images that involved his girlfriend's daughter, with whom he lived, videotaping her in the shower and in various stages of undress. This act removed Young from the "run-of-the-mill" child pornography cases, as conceded by Young's attorney.

{¶30} Additionally, the record demonstrates that the court considered the fact that Young is a first-time offender, he has a family to support, and he is receiving counseling. The court, however, properly balanced these factors with the abuse, victimization, and revictimization endured by young children, including his own girlfriend's daughter, at the hands of Young.

{¶31} In light of the above, we find no error in Young's sentence of 21 years and 11 months for 50 counts of child pornography. Young's second assignment of error is therefore overruled.

**Allied Offenses**

{¶32} Young claims that the illegal use of a minor in nudity-oriented material or performance, in counts 58 through 61, should have merged with the voyeurism charges in counts 62 through 65. In support of his argument, Young claims that by the state's own

admission, the offenses were committed with the same act, and therefore, they should have merged for sentencing. We disagree.

{¶33} Our review of an allied offenses question is de novo. *State v. Webb*, 8th Dist. Cuyahoga No. 98628, 2013-Ohio-699, ¶ 4, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

{¶34} R.C. 2941.25 is the codification of the judicial doctrine of merger and provides guidance as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25; *State v. Patterson*, 8th Dist. Cuyahoga No. 98127, 2012-Ohio-5511, ¶ 33.

{¶35} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court established the proper analysis for determining whether offenses qualify as allied offenses subject to merger pursuant to R.C. 2941.25. In doing so, it expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, and held that rather than compare the elements of the crimes in the abstract, courts must consider the conduct of the accused:

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct * * *. If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind."

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

(Citations omitted.) *Johnson* at ¶ 48-51; *State v. Burt*, 8th Dist. Cuyahoga No. 99097, 2013-Ohio-3525, ¶ 30.

**{¶36}** In this case, an investigation revealed videotaped images of the bathroom inside Young's house, which included images of Young's girlfriend's daughter using the restroom, showering, and in various stages of undress. The evidence showed that these videos were stored in several different locations, alongside the commercial child pornography that was downloaded off the internet. The investigation also revealed that a camera had been placed in a boot box that was located in the master bathroom. The box had a hole cut out in order to fit the camera, and it was directed towards the shower. The videos showed Young positioning the camera as well.

**{¶37}** Young entered a guilty plea to 50 counts of child pornography that were grouped together for sentencing purposes. Before Young entered his plea, the prosecutor presented the charges to the court and informed the court that the charges were non-allied offenses. Prior to imposing the sentence, the court engaged in a colloquy concerning the charges at issue — the illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1) and voyeurism, in violation of R.C. 2907.08(C), all of which related to the criminal acts committed upon Young's girlfriend's daughter. During this exchange, defense counsel argued that the charges were "similar in nature" and asked the court to consider this fact in sentencing. In response, the state explained that the illegal use of a minor is a felony of the second degree while the voyeurism is a felony of the fifth degree. The court then inquired about the difference between the two groups of charges, to which the state replied, "[T]he actions are the same. * * * The language of both crimes fit the actions, but the action is the same." The court did not merge Counts 58 through 61 with Counts 62 through 65.

**{¶38}** R.C. 2907.323(A)(1), which governs the illegal use of a minor in nudity-oriented material or performance, provides that "[n]o person shall * * * [p]hotograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity." Voyeurism, on the other hand, is prohibited by R.C. 2907.08(C):

> No person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another to videotape, film, photograph, otherwise record, or spy or

eavesdrop upon the other person in a state of nudity if the other person is a minor.

**{¶39}** In light of the foregoing, we find that while the offenses with which Young was charged arise from the same conduct (the videotaping of his girlfriend's daughter), the illegal use of a minor and the voyeurism are entirely different acts requiring a separate animus. This court has understood the term "animus" to mean "purpose or, more properly, immediate motive." *State v. Collins*, 8th Dist. Cuyahoga No. 99111, 2013-Ohio-3726, ¶ 8, citing *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979). The illegal use of a minor involves the production of pornographic material. Voyeurism consists of viewing a minor in a state of nudity for one's own sexual gratification. Thus, the offender's animus, or immediate motive, for each offense is different. Therefore, according to R.C. 2941.25(B), the offenses do not merge. *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 51.

**{¶40}** Young's third assignment of error is overruled.

**{¶41}** Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
LARRY A. JONES, SR., P.J., CONCURS IN JUDGMENT ONLY