[Cite as *State v. Wilson*, 2014-Ohio-4686.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101022**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JOSEPH WILSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR–08-505583-A

**BEFORE:**  Rocco, J., S. Gallagher, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**  October 23, 2014

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Mary McGrath
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

**{¶1}** Once again, defendant-appellant Joseph Wilson appeals from the sentences imposed on him for his convictions for aggravated robbery and felonious assault. Wilson has appealed his sentences to this court three times previously.

**{¶2}** In this appeal, Wilson claims that, in again imposing consecutive prison terms for his convictions, the trial court failed to consider the necessary sentencing statutes and to make the necessary findings. Wilson further claims that the trial court failed to consider whether his sentences were consistent with the sentences his codefendants received for their part in the incident that led to his convictions.

**{¶3}** Upon a review of the record of the resentencing hearing, Wilson's claims are rejected. Consequently, his assignments of error are overruled. Wilson's sentences are affirmed.

**{¶4}** The underlying facts of Wilson's previous cases most recently were set forth by this court in *State v. Wilson*, 8th Dist. Cuyahoga No. 99260, 2013-Ohio-4035 ("*Wilson IV*"), ¶ 3-9, as follows:

> On July 18, 2008, a jury convicted Wilson of aggravated robbery, felonious assault, and kidnapping. The convictions flowed from an incident in which Wilson, along with five others, robbed and viciously attacked the victim as he walked home following his evening jog. The trial court imposed consecutive sentences of ten years for aggravated robbery, eight years for felonious assault, and seven years for the kidnapping, for a total imprisonment of 25 years.
>
> Wilson appealed his convictions and sentence. In *State v. Wilson*, 8th Dist. Cuyahoga No. 91971, 2010-Ohio-1196 ("*Wilson I*"), we held that

kidnapping and felonious assault, as well as kidnapping and aggravated robbery, were allied offenses of similar import, and that Wilson did not have a separate animus for the kidnapping. *Id.* at ¶ 92, 96.

We also held that felonious assault and aggravated robbery were not allied offenses and, therefore, not subject to merger. *Id.* at ¶ 97. Consequently, we reversed Wilson's sentence and remanded for a new sentencing hearing where the prosecutor would elect which of the allied offenses he wanted to pursue for sentencing. *Id.* at ¶ 98.

The state appealed our decision to the Ohio Supreme Court and argued that the trial court lacked authority on remand to conduct a de novo sentencing hearing. In *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, paragraph one of the syllabus ("*Wilson II*"), the Ohio Supreme Court rejected the state's argument and affirmed our decision. The Ohio Supreme Court specifically held that when a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offense [sic] to pursue. *Id.*

On remand from the Ohio Supreme Court, the trial court held a resentencing hearing, and the state elected to have Wilson sentenced on the aggravated robbery and felonious assault convictions. The trial court proceeded to sentence Wilson to ten years for the aggravated robbery conviction, and six years for the felonious assault conviction, to be served consecutively for a total of 16 years in prison.

Wilson subsequently appealed and argued that his sentence was contrary to law because the trial court failed to make the findings required by R.C. 2929.14(C)(4) to

impose consecutive sentences. In *State v. Wilson*, 8th Dist. Cuyahoga No. 97827, 2012-Ohio-4159 ("*Wilson III*"), we were constrained to remand for another resentencing hearing because the trial court failed to make the findings required by R.C. 2929.14(C)(4). Specifically, the trial court did not find on the record that consecutive sentences were necessary to protect the public from future crime or to punish Wilson, and not disproportionate to the seriousness of his conduct and to the danger he posed to the public, and that one of the factors set forth in R.C. 2929.14(C)(4)(a) through (c) applied to Wilson. *Id.*

On remand, the trial court conducted a resentencing hearing with Wilson appearing from prison via video conferencing. The trial court sentenced Wilson to ten years for the aggravated robbery conviction and six years for the felonious assault conviction, to be served consecutively for a total of 16 years in prison.

**{¶5}** Wilson again appealed, and, again, in *Wilson IV*, this court vacated his sentence and remanded his case to the trial court for another resentencing hearing because R.C. 2929.14(C)(4) requires three specific findings, and,

This time, the trial court made the first and third findings, but not the second finding. We are reluctant to return this case to the trial court, but have no choice because there was no disproportionality finding. The trial court must state all the findings on the record even if it means reading verbatim from the statute. Only as such, will we as a reviewing court feel confident that the trial court gave due consideration to the requisite findings before imposing consecutive sentences.

*Id*. at ¶ 19.

**{¶6}** On remand this latest time, the trial court again imposed consecutive prison terms for Wilson's two convictions that totaled 16 years. Wilson presents the following two assignments of error for review.

I. The trial court erroneously imposed a sentence which was not supported by the record.

II. The trial court erred by failing to sentence Mr. Wilson consistently with his co-defendants.

**{¶7}** Wilson argues in his first assignment of error that the trial court failed to consider all of the necessary sentencing statutes and also failed to make the necessary findings to impose consecutive terms for his convictions. In his second assignment of error, Wilson further argues that the trial court did not consider whether his sentences were consistent with the sentences his codefendants received for their part in the incident that led to his convictions. Wilson's arguments are rejected.

**{¶8}** In *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 22, this court held that the trial court is limited on remand to address only the required findings pursuant to R.C. 2929.14(C)(4) to justify consecutive sentences. The trial court, therefore, was not required to again note that it had considered R.C. 2929.11, R.C. 2929.12, and R.C. 2929.13 in determining the appropriate sentence to impose.

**{¶9}** With respect to the imposition of consecutive prison terms, R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the *consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public*, and if the court also finds *any* of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were *committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.*

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶10}** The trial court made the following pertinent comments at the resentencing hearing at issue in this appeal:

This is a sentence that is fashioned *to punish* the defendant for this horrible crime. [First finding pursuant to] 2929.14(C)(4). It is *not disproportionate to the seriousness of conduct and the danger the offender poses the public.* [Second finding.]

The codefendants, it's worth noting, 10 to 15 years. This was a predatory act in concert with others. It was a random attack on the victim, horrendous attack and beating, causing severe physical and psychological injury to the victim and the victim's family.

2929.14(C)(4)(B). *The harm caused was so great that a single term does not adequately reflect the seriousness of the conduct.* [Third finding.]

The victim's injury, he had a lengthy — the injuries, as articulated by [the prosecutor earlier in the hearing] — lengthy hospital and recuperative stay, the

psychological effects that remain with him and his family today, the tremendous pain and all the particulars of the physical injury, which have been articulated by the state [at the beginning of the hearing].

The victim's family, it should be noted, that this beating was so severe that they did not recognize their own father as the victim. And they lived with the fear that something like this could happen again.

(Emphasis added.)

**{¶11}** Although the trial court did not use the exact language in R.C. 2929.14(C)(4), it made each finding; the Ohio Supreme Court has recently held that a court is not "required to give a talismanic incantation of the words in the statute" to satisfy its obligation. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E. 3d 659, ¶ 37; *see also State v. Gibson*, 8th Dist. Cuyahoga No. 98725, 2013-Ohio-4372, ¶ 67.

**{¶12}** The *Bonnell* explained at ¶ 29:

[A] word-for-word recitation of the language of the statute is not required, as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentencing should be upheld.

**{¶13}** In *Wilson IV*, the trial court was reminded that it must make each of the findings in order to impose consecutive terms. The trial court complied with its mandate. *Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, at ¶ 22; *see also State v. Trotter*, 8th Dist. Cuyahoga No. 100617, 2014-Ohio-3588, ¶ 19.

**{¶14}** Moreover, the trial court expressly made the necessary findings in its journal entry of sentence as required by *Bonnell*. The trial court also noted that Wilson's total sentence was in line with the sentences his codefendants received. Nothing more was required. *State v. Frost*, 8th Dist. Cuyahoga No. 100498, 2014-Ohio-2645.

**{¶15}** Consequently, Wilson's assignments of error are overruled.

**{¶16}** Wilson's sentences are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR