[Cite as *State v. Carney*, 2011-Ohio-2280.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95343

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL CARNEY

DEFENDANT-APPELLANT

---

**JUDGMENT:
AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-516762

**BEFORE:** Keough, J., Kilbane, A.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** May 12, 2011

**ATTORNEYS FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, OH 44113

Michael H. Peterson
The Hoyt Block – Suite 214
700 St. Clair Avenue
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Michael Carney ("Carney"), appeals his sentence. For the following reasons, we affirm.

{¶ 2} In November 2008, Carney was charged with 64 counts of pandering sexually-oriented material involving a minor and one count of possession of criminal tools. These charges stemmed from child pornography

media discovered on Carney's computer, some of which was available to the general public via the LimeWire file-sharing network. Carney pled guilty to 20 counts of pandering sexually-oriented material involving a minor and the single count of possession of criminal tools. The trial court sentenced him to a total of 24 years in prison. Carney now raises two assignments of error regarding his sentence.

{¶ 3} In his first assignment of error, he claims that his sentence is contrary to law and was an abuse of discretion.

{¶ 4} We review felony sentences using the *Kalish* framework. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. In its plurality opinion, the *Kalish* court declared that in applying *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to the existing statutes, appellate courts "must apply a two-step approach." *Kalish* at _4. Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at _26. See, also, R.C. 2953.08(G). If this first prong is satisfied, then we review the trial court's decision under an abuse of discretion standard. Id. at _4 and 19.

{¶ 5} In the first step of our analysis, we review whether Carney's sentence is contrary to law as required by R.C. 2953.08(G). As the *Kalish* court noted, post-*Foster* "'trial courts have full discretion to impose a prison

sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive, or more than the minimum sentence.'" Id. at _11, quoting *Foster* at paragraph seven of the syllabus; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. The *Kalish* court held that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish* at _13. Therefore, the trial court must still consider those statutes when imposing a sentence. Id., citing *Mathis* at _38.

{¶ 6} R.C. 2929.11(A) provides that: "[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[: ] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 7} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 8} R.C. 2929.11 and 2929.12 are not fact-finding statutes. Instead, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." *Kalish* at _17. Thus, "[i]n considering these

statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure."   Id.

**{¶ 9}**   We do not find Carney's sentence contrary to law.   Carney pled guilty to a total of 20 counts of pandering sexually-oriented matter involving a minor pursuant to R.C. 2907.322(A)(1) and (2), second degree felonies, where the maximum prison term on each count is eight years.   A statutory presumption existed that Carney be sentenced to prison.   The charge of possession of criminal tools is a fifth degree felony and is punishable by a maximum of 12 months in prison.   R.C. 2923.24(C) and 2929.14(A)(5). Carney could have received a total prison sentence of 161 years if the trial court imposed consecutive maximum prison sentences.   Therefore, a sentence of 24 years is within the statutory range allowed by law.

**{¶ 10}** Furthermore, the sentencing journal entry reflects that the trial court considered all required factors of law and found that prison was consistent with the purposes of R.C. 2929.11.   See *State v. El-Berri*, Cuyahoga App. No. 92388, 2010-Ohio-146.   Accordingly, we find that the sentence is not contrary to law.

**{¶ 11}** We next consider whether the trial court abused its discretion. *Kalish* at _4 and 19.   "An abuse of discretion is "'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or

unconscionable.'"'" Id. at _19, quoting *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980) 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶ 12} Carney argues that the trial court abused its discretion because it did not articulate any reasons for imposing the sentence other than "the trial court's belief that Carney was not sufficiently remorseful." We note that post-*Foster*, a trial court does not have to state its reasons on the record. Nevertheless, we find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable.

{¶ 13} At sentencing, the trial court had the benefit of sentencing memoranda from Carney and the State, a presentence investigation report, and multiple court psychological clinic reports, including a mitigation of penalty report and a neuropsychological evaluation. Additionally, the trial court heard statements from Carney's family.

{¶ 14} In sentencing Carney, the trial judge noted that she considered Carney's allocution, apology to his family, and the substantial mitigation arguments by his attorney and family. However, the trial judge felt that Carney lacked an understanding of the seriousness and gravity of his actions. Due to the lack of remorse and responsibility, and the mere depravity of Carney's actions, the trial court determined that a term of incarceration was necessary. Accordingly, we find no abuse of discretion.

{¶ 15} We make these above findings while recognizing that a 24-year sentence is a lengthy, and possibly harsh, sentence, considering the crimes committed. An argument could be made that his sentence is disproportionate to the crimes committed, such that had he actually committed the acts that were depicted in the sexually graphic media he possessed, he possibly would have received a lesser sentence.

{¶ 16} In its sentencing memoranda, the State cited two cases where the defendants were charged with engaging in identical conduct as Carney, yet received substantially lesser sentences. See *United States v. Stults* (C.A.8, 2009), 575 F.3d 834 (defendant with prior conviction of attempted sexual assault of a child received a total sentence of 144 months after being convicted of one count of possession child pornography); *United States v. Christy* (2007), 65 M.J. 657 (military defendant convicted of distributing and possessing child pornography received 12 months confinement and a "bad-conduct discharge.") Nevertheless, we find it incumbent upon the party challenging the sentence to demonstrate error by the trial court and point to authority comparing cases and guiding this court to find such disproportionality. See *State v. Geddes*, Cuyahoga App. No. 91042, 2008-Ohio-6489, _13.

{¶ 17} Carney's first assignment of error is overruled.

{¶ 18} <u>Consecutive Sentence Findings</u>

{¶ 19} Carney contends in his second assignment of error that the trial court erred in sentencing him to consecutive terms of imprisonment without making the findings required under R.C. 2929.14(E)(4), in violation of his right to due process of law under the Fourteenth Amendment to the United States Constitution. Carney asserts that the holding in *Foster* that R.C. 2929.14(E)(4) and 2929.41(A) were unconstitutional, is no longer valid in light of *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517.

{¶ 20} The Ohio Supreme Court recently rejected this argument in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768. The court concluded that *Ice* did not require it to depart from its holding in *Foster* because "there is no constitutional requirement that a judge make findings of fact before imposing consecutive sentences" and requiring resentencing to include findings of fact would "disrupt reasonable and settled expectations of finality," and impose an "undue burden on the judicial system." *Hodge* at _30-32.

{¶ 21} Accordingly, Carney's second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, A. J., and
COLLEEN CONWAY COONEY, J., CONCUR