[Cite as *State v. Bonness*, 2013-Ohio-2699.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99129**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT BONNESS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-543662

**BEFORE:** Rocco, J., Boyle, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 27, 2013

-i-

**ATTORNEYS FOR APPELLANT**

Eric C. Nemecek
Kristina W. Supler
Friedman & Frey, L.L.C.
1304 West 6th Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Jesse W. Canonico
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Robert Bonness appeals from the sentences the trial court imposed for his convictions for illegal use of a minor in nudity-oriented material or performance (hereinafter referred to as "child pornography") after this court reversed the original sentences imposed and remanded his case for a resentencing hearing in *State v. Bonness*, 8th Dist. No. 96557, 2012-Ohio-474 ("*Bonness I*").

{¶2} Bonness presents a single assignment of error. He argues the trial court acted improperly in sentencing him to a total of 20 years for his child pornography convictions, because the court: (1) did not consider the statutory sentencing factors, (2) utilized the "sentencing package" doctrine, and (3) again imposed disproportionately long terms in contravention of this court's directive in *Bonness I*.

{¶3} Upon a review of the record, however, this court does not find his arguments persuasive. Consequently, his assignment of error is overruled and his sentences are affirmed.

{¶4} The background surrounding Bonness's convictions was set forth in *Bonness I*, at ¶ 3-4 as follows:

Bonness was a 53-year-old retired police officer with no prior criminal record. He was caught in a police sting that involved his answering an anonymous internet posting from a fictitious father and daughter who were "looking for the right person in the Cleveland area" to do things "that may interest that special person." Bonness was undeterred when he learned from the poster that the daughter was only 12 years old * * * [.] He exchanged several emails with the poster, each growing more graphic in its description of the sex acts that he hoped he and the daughter might mutually perform. * *

* . Bonness finally arranged to meet the father and daughter at a hotel and, when he arrived, was arrested.

Upon arrest, Bonness waived his right to remain silent. He confessed that had there been a young girl present in the hotel room, he would have engaged in sexual activity with her, but allowed that he would only have done so after satisfying himself that she was not being forced to submit. The police searched Bonness's car and found condoms, lubricants, and vibrators. Bonness told the police that he had a sexual addiction and kept child pornography at his house. A search of his computer uncovered 94 pornographic files, some of which were videos showing children under the age of 13 engaging in deviant sexual acts. The court described one of the videos as showing a child being digitally and anally penetrated, forced to perform oral sex, defecated upon, handcuffed, and restrained in a dog kennel.

{¶5} The ensuing indictment against Bonness contained 97 counts. He eventually pleaded guilty to one count of attempted rape; eight counts of pandering sexually-oriented matter involving a minor, R.C. 2907.322(A)(1); six counts of pandering sexually-oriented matter involving a minor, R.C. 2907.322(A)(5); eight child pornography counts; and two counts of possession of criminal tools.

In *Bonness I*, at ¶ 5, this court summarized Bonness's original sentences:

* * * [T]he court imposed an eight-year sentence on the attempted rape count and consecutive five-year terms on the eight illegal use of a minor in nudity-oriented material or performance (child pornography) counts. It also imposed concurrent 18-month terms on the six pandering sexually-oriented matter involving a minor counts; concurrent 12-month terms on the eight pandering sexually-oriented matter involving a minor counts; and consecutive 12-month terms on the two criminal tools counts.

{¶6} After reviewing the recent evolution of Ohio sentencing laws in *Bonness I*, this court then addressed Bonness's arguments. In pertinent part, this court stated at ¶ 18-29:

The next issue raised by Bonness is whether the court abused its discretion by running the eight child pornography counts consecutively. He argues * * * that the court neglected to consider that Bonness was a first-time offender who cooperated with the police and showed great remorse for his actions; and that the total sentence was disproportionate to his conduct and inconsistent with those given to similar offenders.

* * * R.C. 2929.12(B)(1) and (2) require the court to consider the "physical and mental injury" suffered by the victim of the offense and whether that injury was "exacerbated" because of the victim's physical or mental condition or age. The court found that the victims were the children used to make the child pornography Bonness had in his possession. It found that every viewing of the images and films constituting the child pornography constituted a revictimization of the children. It noted that many of the children depicted in the pornography had been identified and that the abuses perpetrated upon them were essentially a "life sentence" because they know that "as they get older and start to understand the breadth and scope * * * of their abuse, their victimization continues."

While Bonness disagrees with the court's conclusion about the continued revictimization of children shown in child pornography, that conclusion is within the mainstream of legal opinion. * * * It follows that the court did not abuse its discretion by relying on the revictimization of the children shown in the pornography as a sentencing factor.

* * *

Finally, we must determine whether, under R.C. 2929.11(A), the sentence achieved the overriding purpose of punishing Bonness by using "the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources" and whether, under R.C. 2929.11(B), Bonness's sentence was "consistent with sentences imposed for similar crimes committed by similar offenders."

The goal of "consistency" in sentencing as stated in R.C. 2929.11(B) does not mean uniformity. *State v. Klepatzki*, 8th Dist. No. 81676, 2003 Ohio 1529, ¶ 32, 2003 WL 1564323. Each case stands on its own unique facts, so we have concluded that "[a] list of child pornography cases is of questionable value in determining whether the sentences imposed are consistent for similar crimes committed by similar offenders since it does not take into account all the unique factors that may distinguish one case from another." *State v. Siber*, 8th Dist. No. 94882, 2011 Ohio 109, ¶ 15, 2011 WL 198670.

Nevertheless, the comparison of one sentence against other sentences given for similar crimes is a useful guide for determining if the court abused its discretion in a particular case. Obviously, a survey of cases issued from this appellate district will tend to show only the worst sentences - we presume that defendants who are given much shorter sentences are not appealing on that basis so any list of opinions from this court will necessarily be skewed to longer sentences. With this caveat in mind, we note that the most recent cases from this appellate district have affirmed lengthy sentences for possession of child pornography, but none that were as remotely lengthy as the sentence

given to appellant. In *State v. Geddes*, 8th Dist. No. 88186, 2007 Ohio 2626, 2007 WL 1559544, we reversed a 30-year sentence on six counts of pandering sexually oriented materials when Geddes pleaded guilty to printing images of child pornography from a public library while on parole. While acknowledging that Geddes's actions were reproachable, we nonetheless concluded that the lengthy sentence was disproportionate to his conduct. On remand for resentencing, Geddes was given an 18-year sentence, which was affirmed on appeal. That sentence was broadly consistent with those given to similar offenders. *See, e.g., State v. Mahan*, 8th Dist. No. 95696, 2011 Ohio 5154, 2011 WL 4600044 (16 years consecutive on 81 counts); *State v. Corrao*, 8th Dist. No. 95167, 2011 Ohio 2517, 2011 WL 2112721 (ten years on 23 counts); *State v. Carney*, 8th Dist. No. 95343, 2011 Ohio 2280, 2011 WL 1842257 (24 years on 21 counts); *Siber*, 8th Dist. No. 94882, 2011 Ohio 109, 2011 WL 198670 (three years, nine months on 14 fourth and fifth degree felony counts); *State v. Moon*, 8th Dist. No. 93673, 2010 Ohio 4483, 2010 WL 3721872 (20 years on 49 counts).

Given these cases, we conclude that the 40-year sentence imposed on Bonness for eight child pornography counts was inconsistent with sentences imposed for similar crimes committed by similar offenders. The inconsistency arises because the court ran the child pornography counts consecutive to one another. While there is no question that Bonness committed very serious crimes that deserve punishment, we find it difficult on this record to justify 40 consecutive years in prison for the nonviolent crime of possessing child pornography. This is a de facto life sentence because it extends well beyond Bonness's current life expectancy. The sentence would thus place an undue burden on the state's resources as the prison system would be forced to pay for all of Bonness's medical care as he enters the final stages of his life.
* * * The court's need to punish Bonness is understandable. But ordering consecutive sentences on the eight child pornography counts went beyond punishment, especially when similar offenders have been given significantly lower sentences. [Footnote omitted.]

{¶7} Based upon the foregoing analysis, Bonness's sentences were reversed and the matter was remanded to the trial court.

{¶8} The trial court conducted Bonness's resentencing hearing on October 2, 2012. By this time, H.B. 86, which contained the new version of R.C. 2929.14, had come into effect; the trial court was aware that Bonness deserved the benefit of the new sentencing law. After listening to the arguments presented by the prosecutor and defense counsel, the court imposed consecutive five-year prison terms on the child

pornography counts according to the dates Bonness downloaded the videos. Because Bonness downloaded the child pornography on four separate days, he received a sentence totaling 20 years for those convictions. On all of Bonness's other convictions, the court imposed the same terms as it had previously. Bonness thus received a prison sentence that totaled 32 and one-half years.

{¶9} Bonness presents the following as his sole assignment of error.

**I. The trial court erred and imposed a sentence contrary to law by failing to consider all statutory sentencing factors.**

{¶10} This court has set forth the current law relating to consecutive sentences in *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263, ¶ 9-11, as follows:

> R.C. 2929.14(C)(4), as revived, now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.*
>
> In each step of this analysis, the statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). In making these findings, a trial court is not required to use "talismanic words to comply with the guidelines and factors for sentencing." *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000). But it must be

clear from the record that the trial court actually made the findings required by statute. *See State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998). A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999 Ohio 110, 715 N.E.2d 131 (1999).

Notably, however, the General Assembly deleted R.C. 2929.19(B)(2)(c) in H.B. 86. This was the provision in S.B. 2 that had required sentencing courts to state their reasons for imposing consecutive sentences on the record. Accordingly, a trial court is not required to articulate and justify its findings at the sentencing hearing. A trial court is free to do so, of course. But where, as here, there is no statutory requirement that the trial court articulate its reasons, it does not commit reversible error if it fails to do so, as long as it has made the required findings.

{¶11} This court in *Goins* also set forth the applicable standard of appellate review at ¶ 6:

An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. No. 97579, 2012 Ohio 2508, ¶ 6, citing *State v. Hites*, 3d Dist. No. 6-11-07, 2012 Ohio 1892, ¶ 7. Specifically, R.C. 2953.08(G)(2) provides that our review of consecutive sentences is not an abuse of discretion. An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for re-sentencing." *Id.*

{¶12} Although Bonness concedes that the sentences he received on the child pornography counts were within the statutory range of punishment, he essentially argues that the trial court's decision to impose a 20-year sentence for those eight convictions was contrary to law because the trial court failed to fully consider R.C. 2929.11 and 2929.12, employed a "sentencing package" approach, and gave him a total term that was disproportionately severe compared to similar crimes committed by similar offenders. This court disagrees.

**{¶13}** R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction, the court must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) requires a felony sentence to be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

**{¶14}** R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶15}** In this case, the trial court stated in relevant part as follows:

> The Court has * * * incorporat[ed] all the exhibits that were admitted at the last sentencing hearing, incorporating the presentence investigation report that I have reviewed. Also the information provided by the State and defense counsel with respect to all the counts in the lengthy indictment.
>
> Also, I have carefully considered the principles and purposes of felony sentencing, the appropriate recidivism and seriousness factors, all the statutory requirements with respect to the issues in this matter.
>
> I have reviewed the Court of Appeals opinion as well, and I respect their opinion and will endeavor to follow their wishes.
>
> * * *
>
> The Court is specifically wanting to first of all adequately punish this defendant in a way that's not disproportionate, considering the danger to the public.
>
> And also these consecutive sentences I believe are necessary to protect the community from these specific things.

This defendant, over a period of time, took many different steps, different acts, * * * every time he downloaded a separate act.

* * * [E]ach one of those criminal acts led to the attempted rape.

And the fact that concerns this Court, the fact that shows the dangerousness of this offender and the danger to the community is the fact that when he arrived at the scene, that he recognized * * * police in the area, he left and then came back * * * . So not even [that] stopped him from going to have sex with a 12 year old girl.

One would have to wonder what would stop this defendant other than being separated from society where he can't get his hands on little girls. And that's the only conclusion the Court can make at this point, that consecutive sentences are necessary to protect our public, to punish this offender based on the history of that criminal conduct, where it is multiple offenses.

And certainly the harm is so great to those children depicted * * * that it is a life sentence for them that they will never forget, that they are revictimized every time someone else downloads that film * * * for their own prurient reasons. * * *

* * * I am considering * * * the harm to those victims. * * *

So I am going to sentence the defendant accordingly.

{¶16} From the foregoing, it is clear that the record belies Bonness's contention that, in imposing sentence, the trial court so focused on the burden to the state that the other relevant statutory considerations were ignored. Rather, the trial court's comments indicated that its focus was on the relevant sentencing statutes in conjunction with this court's opinion in *Bonness I*, the danger to the community that Bonness presented, and the specific facts of his case.

{¶17} Similarly, nothing in the record supports Bonness's claim that the trial court devised a "sentencing package" in contravention of *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph two of the syllabus. Instead, the court

decided to impose five-year consecutive terms for the child pornography convictions based upon the days on which Bonness downloaded the pornographic images. Because Bonness engaged in this act on four separate days, the trial court imposed a 20-year sentence for these counts. *State v. Harder*, 8th Dist. No. 98409, 2013-Ohio-580, ¶ 10. The trial court's analysis of the appropriate sentence to impose under these circumstances can be considered neither an improper "package" nor unsupported by the record. *Id.* at ¶ 9 ("* * * a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense"). *See also, e.g., State v. Thomas*, 197 Ohio App.3d 176, 2011-Ohio-6073, 966 N.E.2d 939.

{¶18} Finally, this court has upheld similar terms for similar offenders. *See, e.g., State v. Geddes*, 8th Dist. No. 91042, 2008-Ohio-6489 (affirmed an 18-year sentence for six separate convictions of pandering sexually-oriented material involving a minor); *State v. Carney*, 8th Dist. No. 95343, 2011-Ohio-2280 (affirmed a 24-year sentence for 20 counts of pandering sexually-oriented material involving a minor*); State v. Phillips*, 8th Dist. No. 92560, 2009-Ohio-5564 (affirmed a 24-year sentence for 30 counts of pandering sexually-oriented matter involving a minor when convictions arose from defendant's use of a home computer to download and trade child pornography and defendant's contacting someone he believed to be a 12-year-old girl).

{¶19} "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are grossly disproportionate" to the crime. *State v. Weitbrecht*, 86 Ohio St.3d 368, 373,

1999-Ohio-113, 715 N.E.2d 167 (1999), quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), (Kennedy, J., concurring in part and in judgment).

{¶20} Because his sentences are not grossly disproportionate to the crimes with which he was charged, Bonness's assertion based upon this ground, therefore, remains unsupported.

{¶21} This court cannot find that the trial court's sentence is "clearly and convincingly" unsupported in the record. Accordingly, Bonness's assignment of error is overruled.

{¶22} Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR