[Cite as *State v. Dennis*, 2017-Ohio-4437.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104742**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## REECO DENNIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-604113-A

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 22, 2017

**ATTORNEY FOR APPELLANT**

Myriam A. Miranda
P.O. Box 40222
Bay Village, Ohio   44140


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Marcus A. Henry
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Reeco Dennis appeals his convictions for rape and kidnapping, which involved an aggregate sentence of 19 years in prison. We affirm.

{¶2} In 1996, the victim was walking down a street late at night after she had finished her shift at work. Dennis approached, pointed a gun at the back of her head, and ordered the victim to march to an empty field away from the street. It was never determined whether the gun was real, and the victim only had a brief opportunity to see Dennis's face. Once in the field, Dennis made the victim undo her pants, and he proceeded to rape her for several minutes. She was unsure whether Dennis ejaculated, but immediately after Dennis absconded, the victim sought medical treatment.

{¶3} The primary results of DNA testing originally identified the victim's then boyfriend. There were two fluid samples, found on the waistband and the cuff of the victim's pants, containing a DNA profile from an unidentified contributor. Twenty years later, and within the statute of limitations, the state matched the DNA profile discovered in the two samples to Dennis. The victim had never met him. In the sample found in the waistband, Dennis could not be excluded as the contributor to an almost infinite degree of likelihood, but the sample from the pant cuff was not as definitive. According to the state's expert, results of the second sample only "potentially" identified Dennis.

{¶4} After a jury trial, Dennis was found guilty of rape and kidnapping. The trial court imposed 11- and 8-year prison terms respectively and ordered Dennis to serve both

sentences consecutive to each other and to another, unrelated prison term. This timely appeal followed in which Dennis advances eight assignments of error.

**{¶5}** In the first assignment of error, Dennis contends that the trial court erred in admitting the victim's medical records in violation of Evid.R. 403 because either the probative value is substantially outweighed by the unfair prejudice (exclusion mandatory) or the probative value is substantially outweighed by considerations of undue delay or needless presentation of cumulative evidence (exclusion discretionary). Further, Dennis claims that the medical records were used in violation of Evid.R. 801 to bolster the victim's testimony about actually being raped; violated the Confrontation Clause under *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); or were unauthenticated.

**{¶6}** The sole argument presented in this claimed error, aside from the conclusory references to the record, the rules of evidence, and *Crawford*, was the belief that the "State failed to offer any legitimate basis for allowing this irrelevant and prejudicial evidence to be presented to the jury. The admission of this evidence was prejudicial, irrelevant, and improper. Therefore, this assignment of error should be sustained."

**{¶7}** The trial court has broad discretion in the admission or exclusion of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should be slow to interfere. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 122. Even if any error can be shown, appellate courts must consider whether the introduction of the evidence was harmless

error under Crim.R. 52(A). *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 29 (a conviction should not be reversed because of the admission of evidence unless the defendant can affirmatively demonstrate that the evidence prejudiced the outcome of the trial).

{¶8} If the medical records were irrelevant, as Dennis argues, then the introduction of the records cannot be deemed prejudicial — the records had no bearing on his guilt or innocence. If, on the other hand, we consider the medical records as being relevant and agree that the records were not authenticated, Dennis bears the burden of demonstrating that the admission of the evidence prejudiced his right to a fair trial. Dennis has not met this burden. Instead, he offered the bare assertion that the introduction of the evidence was "prejudicial." It must be remembered that the victim did not know Dennis, so there are no references in the medical records to an identification, which was the only dispute at trial — there was no dispute that a rape occurred, only whether Dennis was the offender. Even if we assumed error occurred, Dennis has not demonstrated anything other than the harmless error. Crim.R. 52(A). We overrule the first assignment of error.

{¶9} In the second assignment of error, Dennis claims the trial court erred by not instructing the jury on the lesser included offense of gross sexual imposition because in the direct examination, the victim testified that the "penetration" occurred in the "outer side of my vagina." Dennis believes this conflicts with a later clarifying statement that the victim was vaginally penetrated.

{¶10} A trial court is provided the discretion to determine whether the evidence adduced at trial was sufficient to require an instruction. *State v. Fulmer*, 117 Ohio St.3d 319, 2008-Ohio-936, 883 N.E.2d 1052, ¶ 72. Jury instructions must be viewed as a whole to determine whether they contain prejudicial error. *State v. Fields*, 13 Ohio App.3d 433, 436, 469 N.E.2d 939 (8th Dist.1984). "Sexual conduct" is defined to include "the insertion, *however slight*, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." (Emphasis added.) R.C. 2907.01(A). Even if we only considered the victim's initial testimony, the victim testified to being vaginally penetrated. That Dennis believes the testimony demonstrated some lesser degree of penetration is irrelevant. There is no evidence that the conduct in this case merely constituted gross sexual imposition under R.C. 2907.05 (sexual contact) and not rape under R.C. 2907.02 (sexual conduct). The jury instruction on gross sexual imposition was not required based on the evidence presented. We overrule the second assignment of error.

{¶11} In the third and fourth assignments of error, Dennis argues that the findings of guilt are either unsupported by sufficient evidence or are against the manifest weight of the evidence. Although the standards of review differ, Dennis presented the same general arguments — that the evidence presented by the state was incredible.

{¶12} A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing a sufficiency challenge,

"[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. We cannot review the credibility of the evidence under the sufficiency of the evidence standard of review. Therefore, the third assignment of error is overruled.

{¶13} When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶14} Dennis highlights several credibility concerns: (1) the victim was unable to identify her assailant; (2) the rape kit was tested by an independent contractor in 2004 and not the state agency; (3) the numbering of the original evidence bags did not match; (4) the state's expert tested the determinative sample, which identified Dennis, twice because the first test identified a different person; and (5) the victim was somehow incredible because Dennis's DNA was found on the victim's pants and not on her underclothing. All of these credibility concerns, however, were explored at trial.

{¶15} Further, this is not the exceptional case in which the evidence weighs heavily against the conviction. The jury was free to consider the arguments as presented, and from the test results of at least one of the DNA samples, the state's expert concluded that the probability that Dennis was not the contributor was infinitesimally small. In consideration of the fact that both Dennis and the victim agreed that neither knew the other, this evidence could be viewed as dispositive by a rational trier of fact. We overrule the fourth assignment of error.

{¶16} In the fifth and sixth assignments of error, Dennis claims he was denied the effective assistance of counsel because his trial counsel failed to file a motion to dismiss based on preindictment delay and failed to request a ruling on a motion for independent forensic testing that was filed. In the alternative to the latter argument, Dennis claims that the trial court erred by not granting that motion.

{¶17} In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of defense counsel's performance must be highly deferential. *Strickland* at 689. The defendant has the burden of proving his counsel rendered ineffective assistance. *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 223. The test is

stated in the conjunctive, so the failure to demonstrate either prong is dispositive. Dennis has not demonstrated a deficient performance under the *Strickland* test.

**{¶18}** With respect to the preindictment delay, Dennis claims there could be witnesses that he was unable to secure for trial. Without an argument demonstrating "a viable, tangible connection between the missing evidence or the unavailable witness to the defense of the case[,]" we cannot conclude that trial counsel even had a factual basis to seek dismissal based on preindictment delay. *State v. Jones*, 8th Dist. Cuyahoga No. 101258, 2017-Ohio-176, ¶ 5, citing *State v. Richardson*, 8th Dist. Cuyahoga No. 103925, 2016-Ohio-5843, ¶ 13. The defendant bears the burden of demonstrating the unavailability of specific witnesses. *State v. Durham*, 8th Dist. Cuyahoga Nos. 103352 and 103382, 2017-Ohio-954, ¶ 6 (defendant failed to establish the existence of any missing evidence or unavailable testimony that resulted from the preindictment delay).

**{¶19}** In regard to the failure to seek a ruling on the defense's motion for an independent forensic expert, nothing in the record indicates how independent testing of the forensic evidence would have benefitted Dennis. Due process does not require the state to provide expert assistance to an indigent defendant upon the mere demand and in the absence of a particularized showing of need. *State v. Mason*, 82 Ohio St.3d 144, 150, 1998-Ohio-370, 694 N.E.2d 932. At trial, Dennis made his primary point. The state's expert conceded that most of the samples retained from the original rape kit excluded Dennis as being a contributor, and only one of the two previously unidentified samples, after being tested multiple times, identified Dennis as the contributor. That there could

possibly be errors in forensic science is a truism, not a demonstration of a particularized need for an independent forensic expert.

{¶20} If we followed Dennis's logic, all defendants would be entitled to their own forensic experts in every case involving DNA evidence. The Ohio Supreme Court has unambiguously stated that there must be a particularized need before the failure to provide funds for a defense expert violates the offender's due process rights. *Id.* Dennis has not demonstrated a particularized need for an expert in his case, and the mere demand for one is insufficient. Because the record does not demonstrate that an independent expert was required, then by extension, we cannot conclude trial counsel was ineffective for failing to pursue the motion requesting such. We overrule the fifth and sixth assignments of error.

{¶21} In the seventh assignment of error, Dennis claims the trial court erred by failing to merge the rape and the kidnapping for the purposes of sentencing based on *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. *Johnson* no longer receives the support of the Ohio Supreme Court, and the conduct-based analysis as set forth in the plurality opinion in *Johnson* has been rendered obsolete. *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 11; *State v. Smith*, 8th Dist. Cuyahoga No. 104553, 2017-Ohio-537, ¶ 12, citing *State v. Miranda*, 138 Ohio St.3d 184, 2014-Ohio-451, 5 N.E.3d 603, ¶ 8; *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 16.

**{¶22}** The analysis from *Johnson* has been supplanted. *Ruff* at ¶ 25. The defendant's conduct is but one part of the newest allied-offense inquiry. *Id.* If the offenses were of dissimilar import, committed separately, or committed with a separate animus or motivation, the defendant may be convicted of multiple offenses. *Id.* Dennis has not addressed the implications of *Ruff* or explained its inapplicability. The only argument presented in the appellate brief is that

> the alleged victim testified that she was approached by two men in a car and the passenger ordered her to nearby field and sexually assaulted her. (Tr. 201-207) Appellant was found guilty of Rape and Kidnapping for the conduct alleged by the alleged victim. If this Honorable Court applies the *Johnson* analysis, considering the conduct of the accused, it can conclude that in this case both of those offenses are allied offenses of similar import and should have merged for the purposes of sentencing.

Dennis's argument is insufficient to sustain a reversal on this issue.

**{¶23}** Under the *Ruff* analysis, there is a spectrum that must be considered in cases involving rape and kidnapping. *State v. Echols*, 8th Dist. Cuyahoga No. 102504, 2015-Ohio-5138, ¶ 39. If the asportation is slight, meaning the movement of the victim is done in conjunction with the rape and not separated by time or distance, then the harm may not be separate or identifiable. *Id.* In *Echols*, the victim was raped behind a tree next to the sidewalk, so the movement and the restraint were minimal. *Id.* Dennis, quite simply, has not presented us with a basis to find that cases such as *Echols* are applicable or to conclude that the trial court erred in finding that the act of marching the victim by gunpoint to a field "a certain distance" away from where the victim was found constituted

a separate act. It is not this court's responsibility to build arguments on behalf of the parties. App.R. 16(A)(7). We overrule the seventh assignment of error.

{¶24} Finally, in the eighth assignment of error, Dennis claims that consecutive service of his two sentences was in error because (1) the trial court failed to provide reasons in support of the required findings, (2) the trial court failed to consider a presentence investigation report, and (3) the trial court did not consider all sentencing factors under R.C. 2929.12.

{¶25} We summarily find no merit to any of those arguments: (1) a trial court need not provide reasons in support of its consecutive-sentence findings — *State v. Watkins*, 8th Dist. Cuyahoga No. 104507, 2017-Ohio-964, ¶ 7, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37; (2) a presentence investigation report is not required if the court imposes a prison term — *State v. Armstrong*, 8th Dist. Cuyahoga No. 103088, 2016-Ohio-2627, ¶ 70, citing *State v. Davis*, 8th Dist. Cuyahoga No. 95722, 2011-Ohio-1377, ¶ 9; and (3) a trial court is not required to consider R.C. 2929.12 when considering the imposition of consecutive service — *State v. Herring*, 8th Dist. Cuyahoga No. 104441, 2017-Ohio-743, ¶ 21, citing *State v. Kirkman*, 8th Dist. Cuyahoga No. 103683, 2016-Ohio-5326, ¶ 7. We overrule the eighth and final assignment of error.

{¶26} Dennis's convictions for rape and kidnapping are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.     The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
LARRY A. JONES, SR., J., CONCUR