[Cite as *State v. Stefan*, 2018-Ohio-266.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104979

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GREGORY PETER STEFAN

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-600196-A

**BEFORE:** Laster Mays, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** January 25, 2018

-i-

**ATTORNEYS FOR APPELLANT**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, Ohio 44114

Erin R. Flanagan
Erin R. Flanagan, Esq. Ltd.
75 Public Square, Suite 920
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Daniel T. Van
            Carl Sullivan
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Gregory Peter Stefan ("Stefan") is appealing his guilty plea and sentence, and asks this court to vacate his plea and remand to the trial court for further proceedings. We affirm.

{¶2} Stefan pleaded guilty to one count of importuning, a fifth-degree felony in violation of R.C. 2907.07(D)(2); one count of attempted unlawful sexual conduct with a minor, a fifth-degree felony in violation of R.C. 2923.02 and 2907.04(A); one count of possessing criminal tools, a fifth-degree felony in violation of R.C. 2923.24(A); and five counts of pandering sexually oriented matter involving a minor, a second-degree felony in violation of R.C. 2907.322(A)(1). In a plea agreement, the state nolled the five counts of pandering sexually oriented matter involving a minor and agreed not to charge Stefan on the additional child pornography created and possessed by Stefan. Stefan was sentenced to a total of eight years imprisonment. Stefan was deemed a Tier II sex offender and was also sentenced to five years of mandatory postrelease control.

## I.    Facts

{¶3} In July 2015, Investigator Miranda Helmick ("Helmick") posted an online profile in Motherless.com, a sex-related chat room, posing as a 29-year-old mother with a fictional 14-year-old daughter, living in Cuyahoga County. At the sentencing hearing, Helmick spoke as to how the relationship between her and Stefan began and continued.

The exchange between Helmick and the trial court continued as follows:

HELMICK: My name is Miranda Helmick. I'm a special investigator with Ohio Internet Crimes Against Children Task Force.

While I'm honored to serve the task force in the fight against the evil of the internet, I continue to be shocked and saddened at the lengths that online offenders go to in order to exploit children. And this defendant is no different.

From the very beginning, Gregory Stefan made it very clear what he wanted. It began with an internet site that described itself as a moral free, fetish, pornographic social media site. This defendant created a group with the desire to, in quotes, meet like-minded people, trade stories and content and fuck.

Furthermore, Gregory Stefan engaged in sexual explicit online conversation with not only what he believed was a 29-year-old mother but also what he believed was her 14-year-old minor female child.

His sexual charged conversations with this minor child included his interest in engaging in masturbation and oral sex with the child, telling her that he wanted to, in quotes, tickle her pink and kiss her hidden treasures, nipples, between her legs, maybe finger.

Furthermore, this defendant, during the course of these online conversations, indicated that he had some previous experience sexually abusing a younger female cousin. The online world however was not enough for Gregory Stefan.

On three occasions between August 25, 2015, and October 9, 2015, the defendant got into his vehicle and traveled to areas where he believed the minor 14-year-old child to be located.

On August 25, 2015, the defendant traveled without his family to a local county fair hoping to catch a glimpse of the child. Task force surveillance at the fair observed him

standing at the front gate watching people as they exited.

On October 6, 2015, the defendant told the child that he was in her city for work and expressed an interest in meeting up. Three days later the defendant again told the child that he was in her city and began asking again questions about her school.

Again, a task force surveillance team observed the defendant at a gas station where the child had agreed to meet him.

COURT: Now, let me interrupt you if I can, if that's all right. You set up a profile; is that correct —

HELMICK: Yes.

COURT: — as an undercover police officer?

And you posed yourself as a 29-year-old single mother with a 14-year-old daughter; is that correct?

HELMICK: That's correct, your Honor.

COURT: And where did you say you lived? What county did you say you lived in?

HELMICK: In Cuyahoga County.

COURT: And you said which school you went to?

HELMICK: I told him the city that I was located in.

COURT: You told him the city. That city was which city?

HELMICK: Brook Park.

COURT: All right. And there was a fair in the City of Brook Park or —

HELMICK: No, your Honor. That city was the Lorain County fair.

COURT: Lorain County fair. Then task force officers watched the

defendant at the fair looking for the profile of this 14-year-old girl?

HELMICK: That's correct.

COURT: All right. Thank you. Keep going. I'm sorry.

HELMICK: So going back to October 6, 2015, our task force surveillance team observed the defendant at a gas station where the child had agreed to meet him. Based on my lack of manpower, the task force postponed the meeting.

Dejected and undeterred, the defendant told the child he understood and expressed a continued interest meeting the child the following week.

Finally, on October 13, 2015, Gregory Stefan was arrested after traveling to meet what he believed was a minor 14-year-old female child for the purpose of engaging in sexual activity.

In the hours leading to his arrest, this defendant was expressing his sexual desires to the child and instructing her how to masturbate. A search of the defendant's GPS units within his vehicle confirmed what the task force already knew from the first time that the defendant had traveled to attempt to meet what he believed was a child.

Even after his arrest and advisement of his Miranda rights, Gregory Stefan in what may be the most compelling piece of evidence in this case and these types of investigations, admitted to this task force that he had traveled to the child's city to engage in sexual activity with her, a statement that he made without ever laying eyes on an actual child or even knowing that she existed.

I would submit to this court that such a statement would only be made by an individual who truly believed he was talking with a real child and who had a real interest in sexual abusing children.

If those facts are not enough to compel this court to impose

a lengthy prison sentence, then I would call your attention to a search warrant that was executed the following day at the defendant's Lorain, Ohio, residence, a search warrant that uncovered the defendant's 18-year interest in child pornography, child pornography files found on CDs, DVDs and other items of electronic evidence with dates ranging from 1997 to the present.

(Tr. 42-48.)

**{¶4}** After Helmick's exchange with the trial court, the trial court sentenced Stefan to eight years imprisonment. He filed this appeal arguing two assignments of error.

I.   Trial counsel rendered ineffective assistance by advising Stefan to enter guilty pleas on Counts 3-7 because they were either time-barred, or the trial court lacked venue, or both; and

II.  The trial court's sentence is contrary to law.

## II.   Ineffective Assistance of Counsel

### A.   Standard of Review

**{¶5}** The Sixth Amendment of the United States Constitution guarantees the right to assistance of counsel because counsel plays an important role in our court system. "Counsel, * * * can also can deprive a defendant of the right to effective assistance, simply by failing to render adequate legal assistance." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), citing *Cuyler v. Sullivan*, 446 U.S. 344, 345-350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911

N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of defense counsel's performance must be highly deferential. *Strickland* at 689. The defendant has the burden of proving his counsel rendered ineffective assistance. *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 223. The test is stated in the conjunctive, so the failure to demonstrate either prong is dispositive.

*State v. Dennis*, 8th Dist. Cuyahoga No. 104742, 2017-Ohio-4437, ¶ 17.

### B. Law and Analysis

{¶6} In Stefan's first assignment of error, he argues that his trial counsel was ineffective because counsel advised Stefan to plead guilty to counts that were barred from prosecution because the statute of limitations had expired and the trial court lacked venue. Stefan argues that because he downloaded some of the child pornographic images in 2005, the time to charge him with those crimes has run out.

{¶7} Stefan cites R.C. 2901.13(A) as the reason why he cannot be charged with any crime he committed six years before he was indicted. R.C. 2901.13(A) states,

Except as provided in division (A) (2), (3), or (4) of this section or as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed: For a felony, six years.

However, the statute of limitations on Stefan's offenses did not start running until the offenses were discovered in 2015. R.C. 2901.13(G) states "[t]he period of limitation shall not run during any time when the corpus delicti remains undiscovered." Therefore, the statute of limitations started running when the police discovered the child pornography on Stefan's computers. *See State v. Caver*, 8th Dist. Cuyahoga No. 91443, 2009-Ohio-1272, ¶ 28 (The appellant was charged in 2007 for crimes that took place in

2000, beyond the six-year statute of limitations. However, the statute of limitations began in 2003 when his crimes were discovered.). Stefan's argument regarding the statute of limitations is without merit.

{¶8} Stefan also argues that venue in Cuyahoga County Common Pleas Court over the five counts of pandering sexually oriented material involving a minor was not proper because his computer was located in Lorain County, where he resides. However, R.C. 2901.12(I)(1) states,

> When the offense involves a computer, computer system, computer network, telecommunication, telecommunications device, telecommunications service, or information service, the offender may be tried in any jurisdiction containing any location of the computer, computer system, or computer network of the victim of the offense, in any jurisdiction from which or into which, as part of the offense, any writing, data, or image is disseminated or transmitted by means of a computer, computer system, computer network, telecommunication, telecommunications device, telecommunications service, or information service, or in any jurisdiction in which the alleged offender commits any activity that is an essential part of the offense.

{¶9} The record reveals that Stefan's home computer was located in Lorain county; however, Stefan sent writings to the fictional 14-year-old in Cuyahoga County. Clearly, Stefan's writings were disseminated into and from Cuyahoga County on those occasions. Therefore, we find prosecution in Cuyahoga County was appropriate under R.C. 2901.12(I)(1).

{¶10} Additionally, R.C. 2901.12(H) states,

> When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Without limitation on the evidence that

may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:

(1) The offenses involved the same victim, or victims of the same type or from the same group.

(2) The offenses were committed by the offender in the offender's same employment, or capacity, or relationship to another.

(3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective.

(4) The offenses were committed in furtherance of the same conspiracy.

(5) The offenses involved the same or a similar modus operandi.

(6) The offenses were committed along the offender's line of travel in this state, regardless of the offender's point of origin or destination.

{¶11} The offenses Stefan pleaded guilty to were part of a course of criminal conduct because the offenses involved the same victim and victims of the same type (minors); the offenses were committed in furtherance of the same purpose or objective, and involved the same or a similar modus operandi. *See State v. Ferrell*, 8th Dist. Cuyahoga No. 100659, 2014-Ohio-4377, ¶ 26. When an offender,

[A]s part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred.

R.C. 2901.12(H).

{¶12} In this case, all of the victims were minors. Stefan used his computer to facilitate the meeting between him and someone who he believed to be a 14-year-old girl

in order to engage in sexual activity. On the same computer, Stefan possessed pornographic images of minors. The pandering offenses were committed in furtherance of the same purpose or objective as the other offenses — Stefan's sexual gratification with minors. *See State v. Waters*, 8th Dist. Cuyahoga No. 103932, 2017-Ohio-650, ¶ 49.

The offenses involved the same modus operandi. "Modus operandi means method of operating or doing things." *State v. Henry*, Erie C.P. No. 2013-CR-373 (Aug. 24, 2015).

Stefan used his computer to engage in the charged offenses. Therefore, Stefan's assertion that Cuyahoga County was an improper venue to litigate his crimes is without merit. Stefan's counsel was not deficient or ineffective. We overrule Stefan's first assignment of error.

## III. Sentence Contrary to Law

### A. Standard of Review

{¶13} "An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

> Appellate review of felony sentences is governed by R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

*State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, ¶ 7.

### B. Law and Analysis

{¶14} In Stefan's second assignment of error, he contends his sentence is contrary to law because the trial court failed to properly consider R.C. 2929.11 and 2929.12 in imposing the sentence, and the sentence is clearly and convincingly unsupported by the record.

> R.C. 2929.11(A), governing the purposes and principles of felony sentencing, provides that a sentence imposed for a felony shall be reasonably calculated to achieve two overriding purposes of felony sentencing: (1) to protect the public from future crime by the offender and

others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Furthermore, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

R.C. 2929.12 delineates the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

*Id*. at ¶ 9-10.

**{¶15}** This court has previously held that

[a] trial court "fulfills its duty under the statutes by indicating that it has considered the relevant sentencing factors." [*State v.*] *Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, at ¶ 14, citing *State v. Saunders*, 8th Dist. Cuyahoga No. 98379, 2013-Ohio-490, ¶ 4. The trial court "need not go through each factor on the record — it is sufficient that the court acknowledges that it has complied with its statutory duty to consider the factors without further elaboration." *Id*., citing *State v. Pickens*, 8th Dist. Cuyahoga No. 89658, 2008-Ohio-1407, ¶ 6. In fact, consideration of the appropriate factors set forth in R.C. 2929.11 and 2929.12 can be presumed unless the defendant affirmatively shows to the contrary. *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13.

*Martin* at ¶ 11.

**{¶16}** The trial court did properly consider the factors of R.C. 2929.11 and 2929.12 in great detail. The trial court stated,

> COURT: I have to first start off with what the purposes and principles of sentencing are. Okay? The sentences that I impose must comply with these purposes and principles to punish you, all right, to protect the public from future crimes by you and others using what this court determines the minimum sanctions that the court determines accomplishes these purposes without imposing an unnecessary burden on state or local government resources.
>
> I always have to consider the need for incapacitation, deterrence, rehabilitation and restitution.
>
> The sentence I impose should be commensurate with and not demeaning to the seriousness of your conduct, its impact on the victim, and consistent with sentencings for similar crimes by similar offenders.

The sentence I impose is not based on your race, your ethnicity, gender or your religion.

This is where it gets murky, and I say murky because the factors the court looks at under 2929.12(B) is the victim, physical injury to the victim, the serious physical harm, psychological harm to the victim, if you held a position of trust, the occupation led to the victim, the offender's reputation, the offender's relationship with the victim, if the offender acted for hire or was part of an organized activity, the offender was motivated by prejudice based on race or domestic relations or domestic violence, if the offender is a parent or custodian with the victim. They all relate to a victim.

Then you can look at the less serious issues. The victim induced or facilitated this offense. The offender acted under strong provocation. If the offender did not cause or expect to cause physical harm to a person or property, or there was substantial grounds to exist to mitigate your conduct.

Then you go to the [R.C.] 2929.12(D) factors. Was this committed while on bail or does he have a history of criminal convictions or has the offender responded favorably to sanctions previously imposed? Does he show a pattern of alcohol or drug use? Does he show no genuine remorse?

Then you look at the less likely recidivisms. No prior delinquencies. No prior adult convictions. Led a law-abiding life for a significant number of years. Or this offense was committed under circumstances unlikely to recur or the offender shows no genuine remorse.

Those are the factors that the court is to consider in sentencing an individual.

This court looked at these cases, which caused this court to write a bar review because these factors really don't help a court in sentencing a defendant in these types of cases.

(Tr. 63-65.)    Stefan's assertion is without merit.

**{¶17}** Stefan further argues that his sentence is not clearly and convincingly supported by the record.   We disagree.   Stefan possessed  pornography of children between the ages of 5 and 11 years old, participated in online chat rooms for the purpose of meeting underaged girls to engage in sexual activity with them, and attempted to meet with someone who he believed to be a 14-year-old girl to engage in sexual activity with her.   The investigator determined that the child pornography dated back to 1997.

[T]his court has upheld similar terms for similar offenders.   *See, e.g., State v. Geddes*, 8th Dist. Cuyahoga No. 91042, 2008-Ohio-6489 (affirmed an 18-year sentence for six separate convictions of pandering sexually-oriented material involving a minor); *State v. Carney,* 8th Dist. Cuyahoga No. 95343, 2011-Ohio-2280 (affirmed a 24-year sentence for 20 counts of pandering sexually-oriented material involving a minor); *State v. Phillips*, 8th Dist. Cuyahoga No. 92560, 2009-Ohio-5564 (affirmed a 24-year sentence for 30 counts of pandering sexually-oriented matter involving a minor when convictions arose from defendant's use of a home computer to download and trade child pornography and defendant's contacting someone he believed to be a 12-year-old girl).

*State v. Bonness,* 8th Dist. Cuyahoga No. 99129, 2013-Ohio-2699, ¶ 18.

**{¶18}** Stefan's sentence of eight years is supported by the record.

"The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are grossly disproportionate" to the crime. *State v. Weitbrecht*, 86 Ohio St.3d 368, 373, 715 N.E.2d 167 (1999), quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), (Kennedy, J., concurring in part and in judgment).

*Bonness* at ¶ 19.

{¶19} Stefan's sentence is not extreme or grossly disproportionate to his crimes. In fact, other offenders who committed the same or similar crimes have received far longer sentences. Therefore, Stefan's second assignment of error is overruled.

{¶20} Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR